IN THE

# Supreme Court of the State of Oregon.

### ADDITIONAL TO THOSE IN VOLUME ONE.

#### December Term, A. D. 1860.

---

AARON E. WAIT, *Chief Justice.*
REUBEN P. BOISE,
RILEY E. STRATTON, } *Justices.*
PAINE P. PRIM,
   J. G. WILSON, *Clerk.*

---

SCHLUSSEL & ROSEN, Plaintiffs in Error, *v.* DANIEL B. WARREN, Defendant in Error.

*Error to Linn County.*

After the assignment of a negotiable promissory note by the payee, the maker having, without the knowledge of the indorsers, stipulated in writing, on the note, that he would pay a higher rate of interest thereon from that time—*Held*, That it was a contract without any consideration, and of no effect to discharge the indorsers from liability.

THIS action was brought by defendant in error against Schlussel & Rosen, as indorsers on a promissory note, executed by N. Wright to them, which is in these words:

     " ALBANY, *February 1st,* 1855.
 " On demand, I promise to pay to Schlussel & Rosen the
" sum of sixty dollars and sixty-three cents, with interest.
          " N. WRIGHT.
" (Indorsed.) SCHLUSSEL & ROSEN."

VOL. II.    3

On the back of which are indorsed these words :

" I agree to pay two per cent interest per month on the " principal and interest, from this date till paid on the " within note.

" NELSON WRIGHT.

" ALBANY, *January 24th,* 1857."

Among other defenses, the plaintiffs in error set up that they were discharged from any further liability as indorsers upon the note, by reason of the holder and maker thereof having entered into an agreement to extend the time of payment, and increase the rate of interest specified in the note, without their knowledge or consent. To sustain this defense on the trial, they offered in evidence the writing heretofore set out as indorsed on the note, and it being excluded by the circuit judge from the consideration of the jury, exceptions were taken by plaintiffs in error to the ruling, and the cause is brought here for review.

*Williams & Powell,* of counsel for plaintiffs.

*N. H. Cranor, Esq.,* of counsel for defendant.

PRIM, J. The principal question raised in this record is whether the circuit judge erred in excluding the writing indorsed on the note from the consideration of the jury. The answer claims that there was an agreement, entered into between the maker and the holder of the note after the indorsement by plaintiffs, that the time of payment should be extended and the rate of interest increased. On the trial this writing, indorsed on the note, was offered in evidence to sustain this answer. Does it amount to a contract, or an agreement between these parties on this subject? If so, it would be evidence and ought to have been admitted to the jury, for their determination of its sufficiency, but, by examination of this writing, we find it a mere naked promise on the part of the maker of the note, to pay a greater rate of interest than was specified in it, without any consideration whatever to

sustain it, for the time of payment is not extended one day or one hour. It was then a void promise, for the want of a consideration, and was not evidence in the case, and was therefore very properly excluded by the judge from consideration by the jury. It is also claimed by the plaintiffs in error that this cause ought to be reversed, because the complaint does not contain facts sufficient to constitute a cause of action; but, on examination of it, we are of the opininn that it does contain sufficient ground, and, therefore, a further consideration of this point is unnecessary. There is no error in this cause for which it should be reversed, and *judgment is therefore affirmed.*